Lynn R. Nakamoto, OSB No. 88087
LynnNakamoto@MHGM.com
Markowitz, Herbold, Glade
  &amp; Mehlhaf, P.C.
1211 SW Fifth Avenue, #3000
Portland, OR 97204-3730
Tele: (503) 295-3085
Fax: (503) 323-9105
    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHERI L. BROWN,<br><br>                               Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, United States Postmaster General,<br><br>                              Defendant. | Case No. CV 07-827-HA<br><br>ORDER<br>STIPULATED MOTION FOR<br>DISMISSAL OF ACTION |

      The parties have settled this action and have entered into a Settlement Agreement ("Agreement"), filed with this motion. The parties now move for dismissal of the action, with prejudice and without an award of costs or fees to any party. The parties further move for an order of the Court retaining jurisdiction over the Agreement given non-financial obligations that remain to be satisfied and the potential for disputes as to its implementation.

      IT IS SO STIPULATED this 29th day of January, 2008.

| | |
|---|---|
| MARKOWITZ, HERBOLD, GLADE &<br>MEHLHAF, PC.<br><br>*/s/ Lynn R. Nakamoto*<br>By Lynn R. Nakamoto, OSB #88087<br>Telephone: (503) 295-3085<br><br>Attorneys for Plaintiff | KARIN IMMUERGUT, OSB #96314<br>UNITED STATES ATTORNEY<br><br>*/s/ Kevin Danielson*<br>By Kevin Danielson, OSB #06586<br>Assistant United States Attorney<br>Telephone: (503) 727-1044<br><br>Attorneys for Defendant |

Page 1 -   STIPULATED MOTION FOR DISMISSAL OF ACTION

## ORDER DISMISSING ACTION AND
## RETAINING JURISDICTION OVER SETTLEMENT

Pursuant to the foregoing stipulated motion and the Settlement Agreement filed in this action, IT IS HEREBY ORDERED THAT:

1. This action is dismissed with prejudice and without costs or fees awarded to any party.

2. The terms of the Settlement Agreement are embodied in this order, and the Court retains jurisdiction over the Settlement Agreement, its construction, and its enforcement.

DATED this \_\_8\_\_ day of January, 2008.

_____
Ancer L. Haggerty
United States District Judge

\143702

## SETTLEMENT AGREEMENT

The parties to this Settlement Agreement are the United States Postal Service and Postmaster General John E. Potter, ("USPS") and USPS employee Cheri L. Brown. USPS and Brown enter into this Agreement effective November 16, 2007, as follows:

1. In June 2007, Brown filed an action captioned *Cheri L. Brown v. John E. Potter*, No. CV07-827-HA, in the United States District Court for the District of Oregon ("the civil action") following the completion of an administrative EEO complaint process. Brown alleged claims of disability discrimination and retaliation and Family and Medical Leave Act interference and retaliation.

2. Thereafter, USPS management gave Brown a notice of proposed termination of her employment, and Brown requested mediation of the proposed termination with the assistance of a postal service management association representative.

3. USPS placed Brown on paid administrative leave, and Brown and USPS have held multiple mediations with the assistance of a federal mediator. The parties have now agreed to a global settlement of both the proposed termination and the civil action on the terms indicated herein.

4. USPS agrees to do the following:

    a. USPS will immediately withdraw the proposed termination of Brown from Brown's personnel records.

    b. USPS will maintain Brown on paid administrative leave for the remainder of 2007, until and through the end of business on December 31, 2007, and will accordingly pay her at her regular rate of pay and maintain her regular employee benefits through the same date.

    c. USPS will ensure that Brown's personnel records reflect employment through the date of her retirement so that she remains eligible for federal paid retirement health care benefits.

d.  USPS will fully cooperate in facilitating the retirement of Brown on December 31, 2007, under the terms of the Voluntary Early Retirement Authority (VERA) permitting Brown's retirement as of the close of business on December 31, 2007. USPS will promptly sign and/or process any documents and records that will facilitate Brown's timely retirement and related retirement pay and benefits pursuant to the VERA.

5.  Brown agrees to the following:

a.  Brown will timely accept early retirement under the VERA, and Brown will promptly sign and/or process any documents and records that will facilitate Brown's timely retirement and related retirement pay and benefits pursuant to the VERA.

b.  Brown will file a stipulated motion to dismiss the civil action, seeking administrative dismissal with prejudice and without costs or attorney fees, and also seeking the Court's retention of jurisdiction over any disputes related to the Agreement that may arise.

6.  The parties agree to mutually release claims, as follows:

a.  Brown agrees to release any and all claims against USPS and its officers, managers, and administrative employees as of the date she signs this Agreement, including claims that are known or unknown to Brown and claims that she does not know or suspect to exist in her favor and that would have materially affected this Agreement if such claim or claims had been known. Brown does not release future claims against USPS or its employees based on actions taken by USPS or its employees subsequent to her execution of this Agreement, and Brown does not release claims against USPS for breach of this Agreement.

b.  USPS and its officers, managers, and administrative employees agree to release any and all claims against Brown as of the date the USPS representative signs this Agreement, including claims that are known or unknown to USPS and its officers, managers, and administrative employees and claims that they do not know or suspect to exist in their favor and that would have materially affected this Agreement if

Settlement Agreement – page 2

such claim or claims had been known. USPS and its officers, managers, and administrative employees do not release future claims against Brown based on actions taken by Brown subsequent to the execution of this Agreement, and USPS does not release claims against Brown for breach of this Agreement.

7. The parties recognize that several provisions of this Agreement cannot be fulfilled immediately. Therefore, the parties consent to, and will not dispute or challenge, the Court's jurisdiction over the Agreement and disputes related to its construction and enforcement. The parties will submit a Stipulated Motion and Order for the Court to retain jurisdiction over the Agreement.

8. This Agreement does not constitute an admission of liability or fault on the part of any party.

9. This Agreement contains the agreements between Brown and USPS as to its subject matters, and it is intended to be and is the final and sole settlement between the parties. The parties agree that any other prior understandings not contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be in writing, and must be signed and executed by all parties.

10. The signatories to this Agreement acknowledge that they have read the Agreement, fully understand their rights and duties hereunder, voluntarily and freely enter into it and have authority to sign it, and have had an opportunity to consult with counsel of their own choosing to explain the terms of the Agreement and consequences of signing of it.

11. The parties agree that this Agreement can be signed in counterparts, that each party will accept a PDF copy of the other party's signature, and that together, all such copies of the signatures shall constitute a fully executed Agreement.

Settlement Agreement -- page 3

12. The parties further agree that this Agreement shall be construed under Oregon law.

DATED: 20 Dec 2007   *Cheri L. Brown*
CHERI L. BROWN
Plaintiff

DATED: 12/26/2007   *Lisa Shear*
LISA SHEAR
Manager, In-Plant Support
For USPS

Approved as to form:

DATED: 12/27/07

KARIN IMMERGUT
United States Attorney

*Kevin C. Danielson*
BY: KEVIN C. DANIELSON
Assistant United States Attorney
Attorneys for Defendant John E. Potter

DATED: 12/20/07

LYNN R. NAKAMOTO
Of Attorneys for Plaintiff Cheri L. Brown

Settlement Agreement – page 4